## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM F. HARVEY                                   :
    by his agent/power of attorney        :
GLENDA BROWN                                        :
                                                       :
        Plaintiff                                 :
                                                        :
        v.                                       :      Case No. 1:25-cv-00900-RJL
                                                         :
AMY E. SYMONS, *et al.*,                            :
                                                        :
        Defendants.                               :

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a) and (b) and Local Rule 65.1 (a) and (c), Plaintiff, William F. Harvey, by his agent/power of attorney, Glenda Brown, by and through undersigned counsel, respectfully submits this Memorandum of Law in support of his Verified Motion for Temporary Restraining Order and Preliminary Injunction. The Affidavit of William F. Harvey and letter of Guillermo Portillo, M.D. accompany this Memorandum.

## I.    PERTINENT VERIFIED FACTS

Plaintiff adopts herein the "Verified Complaint for Equitable Relief (Injunctive Relief and Accounting) and Damages" ("Complaint for Equitable Relief") (filed March 26, 2025). The Affidavit of William F. Harvey at Exhibit 1 hereto and letter dated March 14, 2025 of Guillermo Portillo, M.D. at Exhibit 2 hereto are adopted herein.

## II.    APPLICABLE LAW AND ARGUMENT

When considering whether to grant a temporary restraining order, the Court must apply the same standard that is applied to preliminary injunctions. *Lofton v. District of Columbia*, 7 F. Supp.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21740559_2

3d 117, 120 (D.D.C., 2013) (citing to Hall v. Johnson, 599 F. Supp. 2d 1, 3 n. 2 (D.D.C. 2009). To obtain a TRO the moving party must demonstrate: "[1] that [he or she] is likely to succeed on the merits, [2] that [he or she] is likely to suffer irreparable harm in the absence of the preliminary relief, [3] that the balance of equities tips in [his or her] favor, and [4] that an injunction is in the public interest." *Id.* at 120 (2013) (internal citations omitted); *see Costa v. Bazron*, 456 F. Supp. 3d 126, 133 (D.D.C., 2020); and *Singh v. Carter*, 185 F. Supp. 3d 11, 16 (D.D.C., 2016).

While the Court must employ the traditional four-prong test for injunctive relief even when considering a motion for a temporary restraining order, "the short duration of such an order and the imminence of the harm may justify the grant of a temporary restraining order to preserve the status quo." *M.G.U. v. Nielsen*, 316 F. Supp. 3d 518, 520 (D.D.C., 2018) (granting TRO); *see also Barrow v. Graham*, 124 F.Supp.2d 714, 716-17 (2000) (ruling in favor of movant's TRO motion). A court shall consider each factor and "shall only evaluate the proper weight to accord the likelihood of success." *Banks v. Booth*, 459 F. Supp. 3d 143, 150 (2020).

A temporary restraining order, followed by a preliminary injunction, is appropriate and necessary to protect William F. Harvey from likely irreparable injury that is both certain and great and, regardless, beyond remuneration.

      A.     <u>Plaintiff is likely to succeed on the merits.</u>

Plaintiff well satisfies the burden of likelihood of succeeding on the merits. To prove the lead claim of tortious interference with contractual relations, Plaintiff must show: "(1) the existence of a valid contractual or other business relationship; (2) the defendant's knowledge of that relationship; (3) the defendant's intentional interference with that relationship; and (4) resulting damages." *Robert Half Int'l Inc. v. Billingham*, 315 F. Supp. 3d 419, 436 (D.D.C. 2018) (internal citations omitted) (granting a motion for temporary restraining order after finding

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21740559_2

Plaintiff made a *prima facie* case for tortious interference). Once these elements are established, the "burden shifts to defendant to show that its conduct was justified or privileged." *Id.*

The verified facts in the Complaint for Equitable Relief combined with Exhibits 1 and 2 hereto demonstrate that Plaintiff is likely to succeed on the merits, in most pertinent part here as to Count I. Plaintiff plainly revoked prior powers of attorney and personally and in writing rejected Defendants' proposed fee agreement of November 6, 2024, that if agreed to would have facilitated action pursuant to the prior 2016 Limited POA. In no uncertain terms, William F. Harvey directly on November 22, 2024, and by his designated agent/power of attorney, cousin Glenda Brown, as of December 18, 2024, and then again by counsel on February 3, 2025, with a cease-and-desist letter, have informed Defendants to stop purporting to act on behalf of William F. Harvey. Undeterred by the directions to stop, Defendants continue to take and maintain extraordinary actions, without objective good faith basis in fact or law—led by a legal practitioner acting contrary to any legal authority or justification. Defendants are lacking in any actual, recognized interest— legal, protectible, or otherwise—in William F. Harvey's longstanding contractual and business relationships.

      B.      Absent Injunctive Relief, William F. Harvey will suffer irreparable injury.

Under some circumstances, courts have held that economic harm may qualify as irreparable harm when "there is 'no adequate compensatory or other corrective relief' that can be provided at a later date, tipping the balance in favor of injunctive relief." *Bracco Diagnostics, Inc. v. Shalala*, 963 F.Supp.20, 29 (D.D.C. 1997) (internal citations omitted). To rise to the level of irreparable harm, the injury must be both "certain and great; it must be actual not theoretical." *Clarke v. Office of Federal Housing Enterprise Oversight*, 355 F. Supp. 2d 56, 65 (D.D.C. 2004) (internal citations omitted).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

3

21740559_2

The verified facts in the Complaint combined with Exhibits 1 and 2 hereto demonstrate that absent injunctive, including expedited relief as requested in the Motion for Temporary Restraining Order, William F. Harvey is at substantial risk of irreparable harm. In all respects Defendants are trampling William, William's rights, and William's spirit. Defendants have turned his life into a series of slamming doors. Defendants have turned William's retirement and enjoyment of his golden years into the fight of his life. This places an elderly person at particular risk of irreparable harm. Irreparable harm is a certainty without interim relief of the Court.

C.    Balance of the Equities.

In making a balance of equities assessment, the court is required "to 'balance the competing claims of injury,' which involves 'consider[ing] the effect on each party of the granting or withholding of the requested relief.'" *Shvartser v. Lekser*, 208 F. Supp. 3d 260, 267 (D.D.C. 2018) (internal citations omitted) (granting a TRO after finding that the harm defendants will suffer is significantly less than the harm plaintiff will suffer from his loss of interest in specific real property). The verified facts in the Complaint for Equitable Relief combined with Exhibits 1 and 2 hereto demonstrate that there will be no harm whatsoever to Defendants from granting the relief sought herein.

D.    Public Interest.

It is in the public interest to uphold the reasonable expectations of contracting parties in their financial and banking relationships, and other lawful valid contractual and business relationships. It further is in the public interest to protect the elderly from financial exploitation. It further is in the public interest to not endorse a legal practitioner proceeding outside the lines of law, rule, and decency as to an elderly person. Plaintiff needs the Court to bring Defendants to a halt.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

4

21740559_2

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:    *Alexia Kent McClure*
          Alexia Kent McClure, D.C. Bar No. 443983
          1101 Wootton Parkway
          Suite 700
          Rockville, MD  20852
          Direct Phone:  (301) 838-3232
          Facsimile:  (301) 354-8232
          Email:  amcclure@steinsperling.com

          Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March, 2025, a copy of this Plaintiff's Memorandum of Law in Support of Verified Motion for Temporary Restraining and Preliminary Injunction was served via electronic mail (jpl@fdalaw.com) and hand delivery to James P. Lillis, Furey Doolan & Abell LLP, 7600 Wisconsin Avenue, Suite 600, Bethesda, MD  20814, identified as counsel for Amy E. Symons (lead Defendant individually and Registered Agent for Defendant The Law Firm of Amy E. Symons, LLC) pre-filing of this action.


          *Alexia Kent McClure*
          Alexia Kent McClure, D.C. Bar No. 443983

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

5

21740559_2