IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM F. HARVEY     by his agent/power of attorney     GLENDA BROWN | : : : : | |
| Plaintiff | : : | |
| v. | : : | Case No. 1:25-cv-00900-RJL |
| AMY E. SYMONS, *et al.*, | : : | |
| Defendants. | : | |

**PRAECIPE REGARDING PERTINENT COMMUNICATIONS
WITH COUNSEL FOR AMY SYMONS SURROUNDING
PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION (filed 3/31/2025)**

Plaintiff, by undersigned counsel, identifies the following pertinent communications with counsel for Amy Symons surrounding Plaintiff's Verified Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"):

1. From February 27, 2025 shortly after noon until Wednesday, April 2, 2025 at 2:14 p.m., Plaintiff's counsel understood that James P. Lillis of Furey Doolan & Abell LLP ("Furey Firm") represented Amy Symons. At no time between these dates did the Furey Firm communicate that it no longer represented Ms. Symons as to the subject matter of this action. Plaintiff's counsel accepted the Furey Firm's statement of representation of Amy E. Symons as to the precise subject matter that now is at issue in this action.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

21749126_2

2. The following communications of the Furey Firm affirmatively communicated to Plaintiff's counsel the Furey Firm's representation of Amy Symons as to the subject matter of this action ("the matter involving William Harvey"[1]):

a. On February 27, 2025 at 12:05 p.m., the Furey Firm's voice mail states, in pertinent part, "I've been engaged by Amy Symons with respect to the matter [.]"

b. On February 27, 2025 at 12:21 p.m., the Furey Firm sent an electronic mail to undersigned counsel that states, in pertinent part, "I represent Amy Symons."

c. On March 20, 2025, the Furey Firm sent a letter to undersigned counsel, the first line states, "As you know, this firm represents Amy Symons in her capacity as attorney-in-fact for William F. Harvey."

Based on these representations, going forward from February 27, 2025, Plaintiff's counsel communicated strictly with the Furey Firm as counsel for Amy Symons about the subject matter of their representation.[2]

3. On Thursday, March 27, 2025 at 11:20 p.m. Plaintiff's counsel sent to the Furey Firm as counsel for Amy Symons an electronic mail that includes a courtesy copy of the Verified Complaint and the Civil Cover Sheet (filed 3/26/2025).[3] Shortly before on same date, Plaintiff's counsel placed two calls to James P. Lillis of the Furey Firm: the first call to the main number; and the second call to Mr. Lillis' direct line. A voice mail message was left on both.

4. On Monday, March 31, 2025 at 12:49 p.m., the office of Plaintiff's counsel sent to the Furey Firm as counsel for Amy Symons an electronic mail stating as follows:

---

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

[1] Precise phrasing from both the voice mail and electronic mail from James P. Lillis on February 27, 2025 at 12:05 p.m. and 12:21 p.m., respectively.
[2] *See* Rule of Prof. Conduct 4.2 (Communication Between Lawyer and Person Represented by Counsel).
[3] A copy of the March 27, 2025 communication to Ms. Symons' counsel providing a courtesy copy of the Verified Complaint and Civil Cover sheet is attached hereto as Exhibit 1 and adopted herein.

2

21749126_2

> Mr. Lillis,
>
> Please see attached courtesy copy of Plaintiff's Verified Motion for Temporary Restraining Order and Preliminary Injunction, electronically filed today at 12:05 PM.
>
> A hard copy of the same will be delivered this afternoon.[4]

A copy of the March 31, 2025 communication to Ms. Symons' counsel providing a copy of the Motion for TRO is attached hereto as Exhibit 2 and adopted herein.

5. On April 1, 2025 at 7:01 p.m., a Minute Order electronically transmitted that a motion hearing as to the Motion for TRO will be held on April 3, 2025, at 03:00 PM, before Judge Richard J. Leon, in Court 18. Plaintiff saw the notification about 2 ½ hours later. On same date, at 11:26 p.m., Plaintiff's counsel forwarded the entirety of the Minute Order to the Furey Firm (by James P. Lillis) with a note, "FYI – notice of TRO hearing received this evening."[5]

6. The March 27, 2025 communication, Exhibit 1 hereto, also states, in pertinent part, as follows:

> It is this firm's understanding that you represent Amy E. Symons. Please advise whether you will be representing her in this United States District Court action, and if so whether you also will be representing The Law Firm of Amy E. Symons LLC d/b/a Colorado Probate Law a/k/a Symons Says a/k/a Probate and Planning, and a/k/a Probate and Planning Law Group in the action.
>
> At your earliest convenience, please advise whether you are authorized to receive friendly service for either or both Defendants.

The Furey Firm did *not* directly respond to the March 27, 2025 communication regarding the filing of the Verified Complaint and inquiry regarding (a) whether the Furey Firm also represents The

---

[4] Attached to the March 31, 2025 communication to Ms. Symons' counsel is a 16-page pdf comprising the set of Motion for TRO papers. Also, on that date a hard copy of the Motion for TRO papers, along with a hard copy of the Verified Complaint and other papers filed in the action as of that date were hand delivered to the Furey Firm.

[5] A copy of the April 2, 2025 communication to Ms. Symons' counsel providing a copy of the Minute Order noticing the hearing on Plaintiff's Motion for TRO is attached hereto as Exhibit 3 and adopted herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

3

21749126_2

Law Firm of Amy E. Symons LLC d/b/a Colorado Probate Law ("Defendant Law Firm") and (b) authority to receive friendly service for either or both Defendants. Thus, Plaintiff's counsel continued to communicate strictly with the Furey Firm as counsel for Amy Symons about the subject matter of their representation. [6]

7. *After* the office of Plaintiff's counsel transmitted the Motion for TRO with the precise filing time of same, the Furey Firm wrote to Plaintiff's counsel,

> Taylor et al.,
>
> Thank you for the courtesy copy. For clarity, please be advised that I am not authorized to accept service on behalf of Ms. Symons at this time.
>
> James[7]

The Furey Firm addressed *only* the topic of friendly service of Summonses and Verified Complaint. The Furey Firm did *not* communicate then or at any earlier time ceasing representation of Amy Symons.

8. On April 2, 2025 at about 1:40 p.m., Plaintiff' counsel placed a call to James P. Lillis on his direct line. A detailed message was left asking for clarification as to current status of the Furey Firm's representation of Amy Symons in light of the Motion for TRO hearing scheduled for April 3, 2025 and the Court's inquiry specifically regarding same. At 1:44 p.m., Plaintiff's counsel called the main number for the Furey Firm inquiring if a legal assistant who works with Mr. Lillis may assist in reaching him and flagging the time sensitive detailed voice mail. Shortly after, at 2:14 p.m. Mr. Lillis wrote to Plaintiff's counsel,

---

[6] *See* Rule of Prof. Conduct 4.2 (Communication Between Lawyer and Person Represented by Counsel).
[7] A copy of the Furey Firm's March 31, 2025 communication referencing not authorized to accept friendly service on behalf of Amy Symons is attached hereto as <u>Exhibit 4</u> and adopted herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21749126_2

> Alexia,
>
> I received your voicemail. I am not representing Ms. Symons or her law firm in the action that you have filed. Judge Leon's law clerk called me earlier today, and I told him the same. If that were to change, I will be sure to let you know.
>
> James

This is the first communication from Mr. Lillis that the Furey Firm no longer represents Amy Symons.

      9.      On April 2, 2025 at 2:41 p.m., Plaintiff's counsel replied:

> Good afternoon James,
>
> Thank you for your reply to our calls today including detailed voice mail seeking this clarification. Your prior communication indicated not authorized to accept friendly service on her behalf. You had not said that you no longer represent her as to the same subject matter.
>
> *It is our understanding that Amy Symons as your client/former client has actual knowledge of the action and has the papers that we provided to you in three separate communications (3/27, 3/31, and 4/1). If we are mistaken in this understanding, please reply this afternoon to address that.*
>
> Information (contrast confidential communications in furtherance of seeking legal advice or assistance) by definition is not within scope of attorney-client privilege. We are requesting strictly the pertinent information referenced above.
>
> Thank you.[8]

[Emphasis added.] As of the filing of this Praecipe on April 2, 2025 at or about 10:30 p.m., the Furey Firm had not replied to this communication. Thus, Plaintiff's counsel remains of the understanding that Amy Symons (lead individual Defendant and registered agent for Defendant Law Firm) has actual knowledge of this action and has the papers that Plaintiff's counsel had provided to her counsel in three separate communications (3/27, 3/31, and 4/1, Exhibits 1, 2 and 3, respectively).

---

[8] A copy of these April 2, 2025 communications is attached hereto as Exhibit 5 and adopted herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21749126_2

10. In addition, on April 2, 2025, Plaintiff's counsel commenced attempted service of the Summonses and Verified Complaint pursuant to Fed. R. Civ. P. 4(c). The service package also includes all filed papers in the action (to and through the Minute Order of April 1, 2025). Based on information received early evening on April 2, 2025 from the private process server in the State of Colorado, it is Plaintiff's understanding that when the server was at Defendant Law Firm in the afternoon, the employee in the office stated in substance that she was not authorized to receive any delivery of any kind and would not share information such as when Defendant Amy Symons may be expected at the office; shortly after, at Defendant Amy Symons' confirmed residence, she did not answer the door. Building management kindly was cooperative to allow the attempted service. A full set of all papers in the action were left at her doorstep.[9] Upon receipt of the process server's report on this (expected late evening on April 2, 2025), if pertinent to supplement this Praecipe, Plaintiff will file same in the action on the morning of April 3, 2025.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: *Alexia Kent McClure*
Alexia Kent McClure, D.C. Bar No. 443983
1101 Wootton Parkway
Suite 700
Rockville, MD  20852
Direct Phone:  (301) 838-3232
Facsimile:  (301) 354-8232
Email:  amcclure@steinsperling.com

Attorneys for Plaintiff

---

[9] While this is not actual service, as a practical matter this provides to Defendants all papers in the action to date. Attempts at actual formal service of the Summonses, Verified Complaint, and all other papers in the action to date, will resume later this week.

21749126_2

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020