IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM F. HARVEY | : | |
|     by his agent/power of attorney | : | |
|     GLENDA BROWN | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Case No. 1:25-cv-00900-RJL |
| | : | |
| AMY E. SYMONS, *et al.*, | : | |
| | : | |
|     Defendants. | : | |

**PLAINTIFF'S EXPEDITED MOTION TO STRIKE DEFENDANT AMY E. SYMONS'
119-PAGE "RESPONSE" FILING[1] OF APRIL 3, 2025
<u>THAT INCLUDES IMPROPER MATERIAL</u>**

Plaintiff, William F. Harvey ("Plaintiff" or "Mr. Harvey"), by his agent/power of attorney Glenda Brown ("Ms. Brown"), by undersigned counsel, respectfully moves, on an expedited basis[2], to strike immaterial, impertinent, and scandalous matter from Defendant Amy E. Symons' ("Defendant Symons") 119-page "Response" filing of April 3, 2025, pursuant to Fed. R. Civ. P. 11 and 12(f)(2), and related relief for the "Petition"/motion subsumed therein, and as grounds therefor states as follows:

*Defendant Symons' Scurrilous Accusations and Inflammatory Remarks*

Defendant Symons' Response filing includes the following at the top of page 2:

Interestingly, Ms. McClure's tactics to serve me were "so aggressive" that one process server and private investigator who had been working in this field for more than 20 years, Mr. Andrew Cox of Trailfinder, Inc. and who had previously been

---

[1] The filing is titled, "Defendant's Notice, Response to Motion for a Temporary Restraining Order, and Petition for In Camera Review." As such, it improperly combines a response/opposition filing with a separate motion. Further there is a failure to comply with LCvR 7(m) that states, in pertinent part, that the duty "also applies to non-incarcerated parties appearing *pro se*."

[2] Plaintiff simultaneously is filing a Motion to Shorten Time for response to this Expedited Motion to Strike due to the serious nature, and Motion for TRO context, of the material that Defendant Symons improperly placed in the record.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21757735_5

>retained by Ms. McClure and then stopped working for her, called me at 4:20 p.m. on April 2, 2025, <u>to express concern for my safety</u> because Ms. McClure's behavior was so disconcerting he felt he was obligated to share his concerns with me.

[Underscore emphasis in Defendant Symons' Response filing.]

At bottom of page 15, Defendant Symons states, "I have *grave concerns* about Ms. McClure []"[3]; "she *refused* to communicate with my counsel"[4]; and "I have no reason to believe she will be any more responsible with Mr. Harvey's financial information than Ms. Brown would be."[5]

Defendant Symons is an attorney.[6] Rule 11 "imposes upon an attorney an affirmative duty to investigate the facts alleged in any pleading, motion or paper prior to subscribing to it." *Nault's Auto. Sales, Inc. v. Am. Honda Motor Co.*, 148 F.R.D. 25, 35 (D.N.H. 1993), *overruled on other state-law grounds*; *see also Averill v. Cox*, 761 A.2d 1083 (N.H. 2000) (citation omitted). "The 1983 amendments to Rule 11 abandoned the rules' 'subjective test,' which has required that sanctions be imposed only if the signer of the document acted in bad faith." *Id.* (citing *Alvarado Morales v. Digital Equip. Corp.*, 669, F. Supp. 1173, 1187-88 (D. Puerto Rico 1987), *aff'd*, 843 F.2d 613 (1st Cir. 1983)).

>The new language [of Rule 11] stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The

---

[3] [Emphasis added.]

[4] [Emphasis added.] Nothing from Plaintiff's counsel communicates a refusal. Contrast, for example, communication to James P. Lillis on March 10, 2025 inquiring about availability for a call two days later, with an understanding that at least part of information requested previously would be provided; and three total calls placed on two dates to Mr. Lillis with no known return call.

[5] Incredibly, Defendant Symons spins her contacts with Glenda Brown in violation of Rule 4.2 into a suggestion of impropriety of Plaintiff's counsel. After the cease-and-desist letter of February 3, 2025, that included advising Defendant Symons of Plaintiff's representation, pursuant to Rule 4.2 Defendant Symons was prohibited from communicating with Plaintiff about the subject matter of the representation. *See* "Verified Complaint for Equitable Relief (Injunctive Relief and Accounting) and Damages" at ¶¶ 53, 62, 64, and 97.

[6] It is Plaintiff's understanding that Defendant Symons was a member of the District of Columbia bar (upon information and belief, now in "retired" status).

> standard is one of reasonableness under the circumstances. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation.

*Id.* (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1983)); *see* Fed. R. Civ. P. 11 Advisory Committee Notes, 1983 Amendment ¶ 6 (internal citations omitted). A subjective good faith belief in the veracity of accusations leveled against opposing counsel is entirely irrelevant to the inquiry at hand: "They are not free to indiscriminately bludgeon the professional reputations of opposing counsel[.]" *Id.* at 36; *see also* <u>McGreal v. Vill. of Orland Park</u>, 928 F.3d 556, 560 (7th Cir. 2019) (upholding sanctions under Rule 11, stating that "[t]he test is objective. An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position). Counsel also are required to be familiar with the D.C. Bar Voluntary Standards for Civility in Professional Conduct. *See Pigford v. Veneman*, 215 F.R.D. 2, 5 (D.D.C. 2003) (filing accusing opposing counsel of "racist attitude" without supporting proof was scandalous in violation of Rule 11 permitting striking of redundant, immaterial, impertinent, or scandalous material).

The Preamble quoted at first paragraph of Appendix A to the Local Rules leads with, "Civility in professional conduct is the responsibility of every lawyer." It further states, in pertinent part, as follows:

> Incivility to opposing counsel, adverse parties, judges, court personnel, and other participants in the legal process demeans the legal profession, undermines the administration of justice, and diminishes respect for both the legal process and the results of our system of justice.

Other than the notion that a male may have called Defendant Symons on that date and time, the rest objectively is scurrilous. Irresponsible accusations are not and cannot be tolerated in a civil justice system.

21757735_5

As stated, any subjective good faith is *not* relevant for a Rule 11 issue. Assuming arguendo it were relevant, it is absent here. "Cox" appears to be a fabricated surname for "Andrew" associated with the company. The company website references a different surname for "Andrew." If Defendant Symons had inquired of "Andrew Cox" to provide any documentary support whatsoever, such as a business record of any kind, of what the male using that name purportedly said, that would have revealed none existed. The Affidavit of Richard M. Potocek, CPA, MBA, CFE, attached hereto as <u>Exhibit 1</u> and adopted herein, details the interaction with the company.

As reflected in the Affidavit of Richard M. Potocek, Plaintiff's counsel did *not* retain or pay that company. Neither Defendant Symons, nor her husband, Thomas Russell, who represented her in this case at the Motion for TRO hearing on April 3, 2025, made any inquiry of Plaintiff's counsel about the subject matter of the above-referenced material. The Affidavit of Richard M. Potocek further reveals: Greystone Advisory discharged Trailfinders *before* the purported call; "Andrew Scott" wrote to Greystone Advisory that Trailfinders and he were *not taking any further actions;* the Affidavit of Non-Service[7] reveals no actual service attempt of any kind took place after April 1, 2025; and basic internet research, *i.e.*, publicly available State of Colorado private investigator licensing information and the LinkedIn profile of "Andrew Scott" would have revealed that the "20 years" reference also is out of line.

*Defendant Symons' Overridingly Immaterial, Impertinent Allegations about Glenda Brown*

Defendant Symons sees fit to engage in character assassination of Ms. Brown. Defendant Symons refers to Ms. Brown as "an active bankrupt"[8]; "the bankrupt Ms. Brown"[9]; "financially bankrupt cousin"[10]; and litters the record with an entire file about a Chapter 13 that under no

---

[7] Exhibit 3 to the Affidavit of Richard M. Potocek.
[8] Page 3, first line.
[9] Page 12, third line.
[10] Page 14, ¶ 75, fourth line.

4

scenario is relevant to the issues before this Court. On November 22, 2024, William F. Harvey communicated in writing, in his own hand, to Defendant Symons:

> *Thank you for everything you have done to help me.*
>
> *I am not comfortable with the Fee Agreement for Amy Symons and the Staff of Colorado Probate Law as Agent under Durable Power of Attorneys for Financial Management and Health Care – Client Number 081338-2401 dated Nov 6, 2024.*
>
> *Please do not incur further expenses.*
>
> *Thank you for your help.*
>
> *William F. Harvey*

William F. Harvey declined countersigning Defendants' proposed fee agreement. That was his decision for Defendants to honor. Mr. Harvey layered that with the foregoing specific writing to Defendant Symons. Legally that was the end of Defendant Symons in any "agent" role for Mr. Harvey. To the extent that Defendant Symons terms Mr. Harvey as a "client," then it was her further ethical duty to honor his direction to cease any action purportedly on his behalf.

Mr. Harvey then asked Ms. Brown to serve as his agent. On December 18, 2024, Mr. Harvey memorialized that in the powers of attorney designating Ms. Brown. That also included a formal revocation of prior powers of attorney. After November 22, 2024, and most certainly after December 18, 2024, Defendant Symons lacked any conceivable authority to take any agent action. Defendant Symons also never has had *any veto right*s on a decision of Mr. Harvey (directly or by his lawful designated agent since December 18, 2024, Ms. Brown).

Mr. Harvey consistently has communicated *in certain terms* that he wants Defendant Symons out of his life in all respects. Defendant Symons treats Mr. Harvey's decision and direction to stay out of his life as meaningless. This necessitated Mr. Harvey engaging additional non-

5

litigation counsel, Scott M. Hartinger of Ethridge, Quinn, Kemp, Rowan & Hartinger. Upon Mr. Harvey's engagement of Mr. Hartinger on March 28, 2025, Mr. Hartinger wrote directly to Defendant Symons' counsel that Defendant Symons shall stay away.[11]

Defendant Symons lacks legal support for her complete disregard of Mr. Harvey's decision, direction, and demand to exit his life. Defendant Symons' Response, laden with irrelevant, derogatory innuendo about Ms. Brown, must be stricken.[12]

*Defendants Improperly Subsume a "Petition"/Motion in the Response Filing,  
and Omit the Requisite LCvR 7(m) Certification*

Defendant Symons' Response filing improperly combines a response/opposition filing with a separate motion. *See generally Laboy v. Ontario Cnty., NY*, 56 F. Supp. 3d 255, 259-60 (W.D.N.Y. 2014) (in exercising discretion to strike memorandum, trial court cited set of cases regarding hybrid filings as procedurally improper, including, but not limited to, *McQueen v. Huddleston*, 17 F. Supp. 3d 248, 250 (W.D.N.Y. 2014)). In addition, there is a failure to comply with LCvR 7(m) that states, in pertinent part, that the duty "also applies to non-incarcerated parties appearing *pro se*." Regardless, as an attorney Defendant Symons is bound by Rules.

\*\*\*

WHEREFORE, in consideration of the foregoing grounds, Exhibits 1-3 hereto, and the record herein, Plaintiff respectfully requests that this Honorable Court grant this Motion to Strike, and grant in favor of Plaintiff such other and further relief as the Court deems just and proper.

---

[11] A copy of Scott M. Hartinger's communication of March 28, 2025 to Defendant Symons' prior counsel is attached hereto as Exhibit 2 and adopted herein.
[12] A copy of Guillermo Portillo, M.D.'s report of April 9, 2025 regarding Glenda Brown, Exhibit 3 attached hereto and adopted herein, sheds light on the character assassination tactics of Defendants.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By: *Alexia Kent McClure*
Alexia Kent McClure, D.C. Bar No. 443983
1101 Wootton Parkway
Suite 700
Rockville, MD  20852
Direct Phone:  (301) 838-3232
Facsimile:  (301) 354-8232
Email:  amcclure@steinsperling.com

Attorneys for Plaintiff


LCvR7(m) CERTIFICATION

On Monday, April 7, 2024 at 9:51 a.m. EST, Plaintiff's counsel communicated to Thomas Russell, counsel for Defendant Symons as of the Motion for TRO hearing on April 3, 2025, as follows:

Good morning Mr. Russell,

It is this firm's understanding that presently you represent Defendants in the above-referenced action, including your spouse Amy E. Symons as lead Defendant, and Co-defendant The Law Firm of Amy E. Symons, LLC.

Pursuant to LCvR 7(m), please advise whether Defendants consent to striking Defendants' filing captioned, "Defendant's Notice, Response to Motion for a Temporary Restraining Order, and Petition for In Camera Review"; filing an amended response that does not contain material in violation of the Federal Rules of Civil Procedure, such as generally described below; and shortening the response time to 3 days.

Defendants' "response" filing of Thursday, April 3, 2025 contains immaterial, impertinent, and scandalous matter. By presenting to the Court any pleading, written motion, or other paper, an attorney is certifying, in pertinent part, that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the paper is not being filed for an improper purpose, such as to harass, and that the allegations and other factual contentions have evidentiary support. This includes, for example, allegations that improperly cast a derogatory light on an individual, unnecessarily reflect on the moral character of an individual, or state anything in repulsive language that detracts from the dignity of the Court.

Both you as your spouse's present counsel and your spouse, Defendant Amy E. Symons, are attorneys. If you were not involved in submission of the "response" and/or no longer represent Defendant Amy E. Symons in this matter, as an attorney she independently is responsible for compliance with the Rules.

If Defendants do not consent to the relief referenced above, then please advise whether you are available to discuss the motion(s) to strike at 3:30 p.m. EST today and provide a contact number for same. Time is of the essence.

Defendant Symons replied shortly after on the same date, stating as follows:

As of now, I am pro se. I am not certain whether you were having the same audio problems in the courtroom as we were having on the phone, but Prof. Russell made it clear that his representation was limited to the narrow scope of the hearing. I have, however, reported this matter to my lawyers professional liability insurance carrier who is appointing counsel to defend me against this litigation. Once that counsel has been appointed, they will be in contact with you about your email to Prof. Russell in particular and this matter more broadly.

In the meantime, I reject your contention that time is of the essence and appreciate your patience.

*Alexia Kent McClure*
Alexia Kent McClure, D.C. Bar No. 443983

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April, 2025, this Expedited Motion to Strike was efiled/eserved via the PACER.

*Alexia Kent McClure*
Alexia Kent McClure, D.C. Bar No. 443983

21757735_5