IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM F. HARVEY           by his agent/power of attorney     GLENDA BROWN | :  :  :  :  : | |
| Plaintiff | : : | |
| v. | : : | Case No. 1:25-cv-00900-RJL |
| AMY E. SYMONS, *et al.*, | : : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR APPROPRIATE RELIEF – AS TO
DEFENDANT AMY SYMONS' FAILURE TO APPEAR FOR
<u>PROPERLY NOTICED DEPOSITION (Fed. R. Civ. P. 37(d) and (b)(2)(A)(ii))</u>**
**(Request for Hearing)**

Plaintiff, William F. Harvey ("Plaintiff" or "Mr. Harvey"), by undersigned counsel, Alexia Kent McClure, Maynard Nexsen, PC, and Scott M. Hartinger, Ethridge, Quinn, Kemp, Rowan & Hartinger, pursuant to Fed. R. Civ. P. 37(d) and the Court's inherent power to regulate discovery, respectfully submits this Motion for Appropriate Relief – as to Defendant Amy Symons' Failure to Appear for Properly Noticed Deposition, including prohibiting Defendant Amy Symons from introducing designated matters in evidence such as veiling her disregard of revocation of any prior POA authority in a self-serving, purported, continuing fiduciary duty (Fed. R. Civ. P. 37(b)(2)(A)(ii)), and requiring Defendant Amy Symons, the attorney(s) advising the conduct, or both, to pay to Plaintiff the reasonable expenses, including attorney's fees, caused by the failure (Fed. R. Civ. P. 37(d)(3)), and, as grounds therefor, states as follows:

1

I.  OVERVIEW

Defendant Amy Symons ("Defendant Symons") failed to appear before the officer who was to take her deposition at the offices of Maynard Nexsen, PC, 325 7th Street, N.W., Suite 250, Washington, D.C., 20004, on Thursday, July 31, 2025.[1] A deposition part I of Defendant Symons was necessitated by Defendant Symons continuing to purport to act on behalf of Plaintiff, William F. Harvey, in communicating with financial institutions with whom Mr. Harvey has had a business relationship and account; and declining fully to cooperate, in a time is of the essence manner, with Julie Elizabeth Rose, M.Ed., CDP, CHC, CAPS, CEO of Paladin Life Care, POA for Daily Money Management for William F. Harvey. On July 15, 2025, the deposition part I was noticed ("Notice of Deposition"), after allowing two weeks for coordinating the deposition date/time.

The original premise for part I of Defendant Symons' deposition, openly communicated at the outset to Defendants' counsel, among others, is as real now – if not more so now – as it was on June 28, 2025 when this deposition first was front and center. Defendant Symons is holding hostage Plaintiff's funds at FirstBank. Contrary to Plaintiff's Power of Attorney for Daily Money Management vested with Julie Elizabeth Rose, Defendant Symons has failed to disclose even a complete account number for the FirstBank account of Mr. Harvey, and recently received and has not forwarded to Julie Elizabeth Rose a distribution of over $58,000 to Plaintiff.

Defendant Symons lacks legal excuse of justification for her failure to appear for deposition on July 31, 2025. Defendant Symons did not obtain, nevertheless seek, a protective order regarding her alleged inability or unwillingness to appear for deposition on July 31, 2025. Rule 37(d) and justice compel the relief sought herein.

---

[1] A copy of the Statement on Record of July 31, 2025, with 5 Exhibits, is attached hereto as Exhibit A and adopted herein.

II.     PERTINENT FACTS

1.      On July 15, 2025, Plaintiff noticed the deposition part I of Defendant Amy Symons.[2]

2.      Plaintiff provided an informative letter to Defendants' counsel with service of the Notice of Deposition.[3] The letter concludes as follows:

> Plaintiff's counsel recently had the opportunity briefly to talk with Magistrate Judge Sharbaugh. Please be advised that Plaintiff is amenable to a mediation/settlement conference facilitated by him to occur on a date feasible for all concerned in or about 45 days from this date, subject simply to receiving this week your confirmation of the two key time sensitive subject matter restated above, or alternatively proceeding with the Part I deposition of Defendant Amy E. Symons.

As of the filing of this Motion for Relief, Defendants' counsel has been unable to deliver confirmation on the two key time sensitive subject matter restated in the letter. As a result, the importance of proceeding with the properly noticed deposition part I has persisted.

3.      On July 15, 2025, Magistrate Judge Matthew Sharbaugh ("Magistrate Judge Sharbaugh") was provided a courtesy copy of the informative letter. On July 16, 2025, Plaintiff's co-counsel, Scott M. Hartinger, communicated, in pertinent part, by way of update to Magistrate Judge Sharbaugh:

> Plaintiffs are noting the deposition of Ms. Symons to inquire about her retention of control and activity over the past several weeks. This is explained in Ms. McClure's letter of yesterday to Dennis Quinn (copy attached). Plaintiffs cannot withdraw the current preliminary deposition request without the two essential assurances identified in the letter and the successful transfer of the Colorado account.

---

[2] Statement on Record at Exhibit 1. A copy of the Certificate of Service (Amended) filed July 18, 2025 is at Statement on Record Exhibit 4.
[3] Statement on Record at Exhibit 1.

3

4. On June 28, 2025, Plaintiff first wrote to Defendants' counsel regarding Plaintiff preparing to notice the oral/videotaped deposition of Defendant Amy Symons in the District of Columbia and substantively addressed the reason for doing same at the time.[4]

5. On July 7, 2025, Plaintiff again wrote to Defendant's counsel about coordinating the date of the deposition part I and seeking to coordinate a Fed. R. Civ. P. 26(f) conference. No response was received by Plaintiff's counsel to either communication.

6. On July 28, 2025, Defendants' counsel first communicated, "Neither Ms. Symons nor Dennis or I are available on July 31st. Could you kindly send us a list of alternative dates so that we can select a date that is mutually convenient for all parties and counsel?"

7. On July 29, 2025, Plaintiff's counsel responded as follows:

It is this firm's understanding that William's First Bank funds still have not been wired to the custody of Julie Rose as POA for DMM.

When did the schedule conflict for July 31 arise? This deposition has been noticed for two weeks.

If we can find a half day slot between August 11-14, then we are amenable to brief postponement of this essential deposition part 1, subject to Scott Hartinger's availability.

8. On July 30, 2025, Plaintiff's counsel wrote, in pertinent part:

Scott and I have touched base about this.

Plaintiff is amenable to shifting to remote for this deposition part I that had been timely noticed for in person tomorrow if this evening you reply and confirm that Defendants concur this is an agreed part I of II deposition of Defendant Amy Symons, with part II understood, without any defense objection, to be in person in the District of Columbia at Planet Depositions. Planet Depos is located at 1100 Connecticut Avenue, NW, Suite 950. Maximum total time testifying in deposition is pursuant to the Rules for a single deposition.

---

[4] Statement on Record at Exhibit 3.

4

Please reply and confirm on this as soon as feasible this evening.

The final pre-July 31, 2025 communications on this topic are in the Statement on Record at Exhibit 5.

9. On July 30, 2025, Defendants' counsel replied, in pertinent part, that Defendant Symons' availability to appear in-person on the August dates would not be provided until end of day on July 31, 2025 – hours *after* the deposition was noticed to commence.

10. As a result of the ongoing necessity for the deposition part I and Defendant Symons' declining to confirm availability before the timely, properly noticed part I, Plaintiff made a record of Defendant Symons' failure to appear in violation of Fed. R. Civ. P. 37(d)(1)(A)(i).

11. On August 3, 2025, Plaintiff served a "Second Notice of Intention to Take Oral/Videotaped Deposition Duces Tecum of Defendant Amy E. Symons (Part I of II)" for August 13, 2025 commencing at 2:00 p.m. EST. The Second Notice provides, in pertinent part, at n. 1:

> Defendant Symons failed to appear for deposition on July 31, 2025 at 10 a.m. EST pursuant to Notice of Deposition served July 15, 2025. On July 31, 2025, shortly after Defendant Symons failed to appear for her deposition commencing at 10 a.m. EST, Plaintiff's counsel made a statement on the record of same. Defendant Symons, by counsel, declined to provide availability for a different date until after the date/time of her properly noticed deposition. This Second Notice is issued without prejudice to Plaintiff's right to seek relief pursuant to Fed. R. Civ. P. 37(d)(3) for Defendant Symons' failure to appear (Fed. R. Civ. P. 37(d)(1)(A)(i)). No motion for protective order was pending and thus any alleged objection of Defendant(s) to the discovery was waived. Fed. R. Civ. P. 37(d)(2).

12. On August 10, 2025, Plaintiff served an Amended Second Notice for the same date and time, though allowing Defendant Symons to remain in Colorado for the limited part I. Defendant Symons, by counsel, posited that Defendant Symons had to be deposed in Colorado within 100 miles of her residence, employment, or where she regularly transacts business in person. That is not the Rule. As an accommodation in connection with the Second Notice, Plaintiff

5

was willing to have part I proceed remotely due to the time sensitive and limited scope of the subject matter, and part II necessarily would be in person in the District of Columbia.

13. On August 5, 2025, Plaintiff's counsel wrote to Defendants' counsel, stating, in pertinent part, as follows:

> Plaintiff suggests the earlier proposal for Ms. Symons' deposition part I continues to make sense. That is, a Part I deposition of Ms. Symons via Zoom, limited to the injunction issues, such as the alleged failure to fully cooperate and relinquish control over William's assets and continuing to interfere with his contractual, financial relationships. If the case does not settle at the mediation with Judge Sharbaugh, Part II be conducted in person, as well as any remaining depositions either side wishes to take. Part II would involve more documents and exhibits so in person make more sense. Ms. Symons is a party defendant to this D.D.C. case and as such her deposition in the District of Columbia is appropriate.

14. On August 12, 2025, Plaintiff's counsel wrote to Defendants' counsel, stating, in pertinent part, as follows:

> Ms. Symons continues to hold Mr. Harvey's money hostage. Meanwhile, he never authorized the opening of the Colorado account. Her continued unlawful withholding of his funds is inexcusable and inconsistent with the basic agreement that his funds will be returned. The settlement conference needs to be postponed absent Ms. Symons immediately signing the First Bank wire authorization. Her failure to act is indicative of bad faith.
>
> Part I of deposition was scheduled to address Ms. Symons' retention of Mr. Harvey's money. Her continued refusal to return his money requires the deposition to remain scheduled. If Ms. Symons signs and returns the First Bank wire authorization by 4:00 p.m. EST today, the deposition can be conducted after the settlement conference. Time is of the essence.

15. Defendant Symons failed to appear for her deposition on July 31, 2025. Defendant Symons did not obtain, or even seek, a protective order regarding her alleged inability or unwillingness to appear for deposition on July 31, 2025. Defendant Symons did not have good ground for any objection to her properly noticed deposition.

6

III. <u>APPLICABLE LAW</u>

- Fed. R. Civ. P. 37(d)(1)(A) authorizes this Court to impose immediate sanctions when a party fails to attend its own deposition after proper notice.

- Fed. R. Civ. P. 37(d)(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 27(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order.

- Fed. R. Civ. P. 37(d)(3). If a discovery violation has occurred, at a minimum, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]"

- See generally <u>Alvarado v. Rainbow Inn, Inc.</u>, 312 F.R.D. 23, 29 (D.D.C. 2015) (central requirement that any sanction must be just, with choice of sanction guided by concept of proportionality between offense and sanction) (fees awarded as discovery sanction for failure to appear for deposition).

- <u>Alexander v. Federal Bureau of Investigation</u>, *et al.*, 186 F.R.D. 78, 88 (D.D.C. 1998) (Rule 37(b)(2) does not require a showing of willfulness or bad faith as a prerequisite to the imposition of sanctions upon a party).

\*\*\*

WHEREFORE, in consideration of the foregoing grounds, Exhibit A hereto, and the record herein, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Relief, thereby entering an Order prohibiting Defendant Amy Symons from introducing designated matters in evidence such as veiling her disregard of revocation of any prior authority in a self-serving, purported, continuing fiduciary duty (Fed. R. Civ. P. 37(b)(2)(A)(ii)), and requiring Defendant Amy Symons, the attorney(s) advising the conduct, or both, to pay to Plaintiff the reasonable expenses, including attorney's fees, caused by the failure (Fed. R. Civ. P. 37(d)(3)), and grant in favor of Plaintiff such other and further relief as this Court deems just and proper. Plaintiff, by counsel, pursuant to LCvR 78.1 respectfully requests an oral hearing to consider the relief sought herein.

Respectfully submitted,

MAYNARD NEXSEN, PC

By: _____
Alexia Kent McClure, D.C. Bar No. 443983
655 Gallatin Street SW
Huntsville, AL  35801
Direct Phone:  (256) 551-0171
Facsimile:  (256) 512-0119
Email:  amcclure@maynardnexsen.com

AND

By:   /s/ *Scott M. Hartinger*_____
Scott M. Hartinger, D.C. Bar No. 461129
100 North Court Street
Frederick, MD  241701
Phone (301) 698-8182
Facsimile (301) 831-4318
Email smh@EQLawyers.com

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2025, a copy of the foregoing Motion for Appropriate Relief was filed and served via PACER to counsel of record for Defendants.

_____
Alexia Kent McClure, D.C. Bar No. 443983

  /s/ *Scott M. Hartinger*_____
Scott M. Hartinger, D.C. Bar No. 461129