UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM F. HARVEY,

       Plaintiff,

   v.

AMY E. SYMONS, *et al.*,

       Defendants.

Case No. 25-cv-900-RJL-MJS

### MEMORANDUM ORDER

This matter is before the Court on the parties' "Joint Motion to Seal Case." (ECF No. 59.) After nearly a year of contentious—and public—litigation, the parties negotiated a global resolution through a court-facilitated settlement conference in December 2025. They now jointly ask to seal the case in its entirety. In support, the parties argue that the filings on the docket include sensitive details about Plaintiff's "alleged mental capacity" and "financial affairs" and that the "public availability of the record may adversely affect" Ms. Symons' law practice. On review of the parties' skeletal arguments and the governing law, the Court **DENIES** the motion.

The Court begins from the premise that "public access to judicial records is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (citation and quotation omitted). Thus, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016).

The "strong presumption" can be overcome, though, by weighing it against the following six factors:

> (1) [T]he need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the proceedings.

*Id.* (quoting *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). In weighing these factors, district courts have "wide discretion" but must provide a "full explanation" that is "detailed enough" to allow review. *Abdelhady v. George Washington Univ.*, 89 F.4th 955, 958 (D.C. Cir. 2024) (citation and quotation omitted). Exercising its discretion here, the Court concludes that the parties come up considerably short in establishing any justification for sealing.

Beginning with the first factor—the need for public access to the documents at issue—the parties essentially ignore it. Although there may not be a *specific* public interest in the *specific* filings relevant to this *specific* dispute, the Court cannot ignore the *general* public interest in open access to judicial records, which "serves the important function[] of ensuring the integrity of judicial proceedings." *Hubbard*, 650 F.2d at 315. Turning to the second factor, which focuses on prior public access to the documents, the parties ignore it, too. But the reality is that this case has been publicly accessible since it was filed, and the same holds true for virtually all the filings that both sides have made on the docket throughout the litigation. This reality cuts decidedly against sealing. *See Kartte v. Davis*, 2022 WL 2904173, at *4 (D.D.C. July 22, 2022). Put another way, the parties' own consistent approach to this public litigation is at odds with their present arguments surrounding the need to suddenly seal the proceedings in their entirety.

The parties do address the third and fourth factors, albeit in relatively perfunctory terms. On the third factor, the fact that the parties object to ongoing public disclosure does favor sealing.

And on the fourth factor, the Court acknowledges that certain facets of the case do implicate important privacy considerations, including personal health and financial information, which likewise tilts toward sealing, at least in part. But the parties fail to grapple with the fact that lesser measures beyond wholesale sealing could suffice to mitigate those concerns, such as a request to seal certain docket entries on a filing-by-filing basis, targeted redactions of sensitive submissions, and so on. After all, the Court itself directed that certain financial information should be filed under seal at one point (*see* Min. Order, Apr. 22, 2025; ECF No. 17), and the parties might have made similar requests to seal other potentially sensitive filings throughout the proceedings. For whatever reason, they neglected to do so. In sum, while factors three and four point somewhat toward sealing, the parties' own litigation conduct, once again, undercuts that proposition.

The fifth factor—the possibility of prejudice to those opposing disclosure—is minimally relevant here. Although the parties all oppose disclosure and suggest they will suffer prejudice absent sealing, this is largely a problem of their own making for the reasons just explained. The Court might be more sympathetic if the parties were asking to seal or redact specific filings based on specific assertions of prejudice. But their joint motion makes no effort to engage in that sort of particularized analysis. And any potential prejudice to the parties from the public accessibility of this case as a general matter does not favor categorical sealing. Finally, the parties do not address the sixth factor at all, but the Court fails to see how it could cut in favor of sealing here.

For these reasons, the parties' request to seal this case is unjustified. The D.C. Circuit has repeatedly emphasized the strong presumption of public access to judicial records, and the parties fail to demonstrate why that presumption is overcome here, especially given that their request comes only after months of public litigation without any real effort to maintain the case—or even

any individual filings—under seal. *Kartte*, 2022 WL 2904173, at *4 (similarly rejecting motion to seal case following settlement for many of these same reasons).

The Court **DENIES** the motion to seal.

**SO ORDERED.**

Dated: February 4, 2026

MATTHEW J. SHARBAUGH  
United States Magistrate Judge

4